UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

ASHLEIGH F.[1],                    Case No. 1:23-cv-4
    Plaintiff,                   Litkovitz, M.J.

   vs.

COMMISSIONER OF             **ORDER**
SOCIAL SECURITY,
    Defendant.

Plaintiff Ashleigh F. brings this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) for judicial review of the final decision of the Commissioner of Social Security (Commissioner) denying plaintiff's application for disability insurance benefits (DIB) and supplemental security income (SSI). This matter is before the Court on plaintiff's Statement of Errors (Doc. 10) and the Commissioner's response (Doc. 11).

**I. Procedural Background**

Plaintiff protectively filed her applications for DIB and SSI on June 16, 2020, alleging disability since October 18, 2018, due to degenerative scoliosis and arthritis in both knees. (Tr. 287, 613). The applications were denied initially and on reconsideration. Plaintiff, through counsel, requested and was granted a *de novo* hearing before administrative law judge (ALJ) Brian Crockett on October 13, 2021. (Tr. 302-25). Plaintiff and a vocational expert (VE) appeared by telephone and testified at the ALJ hearing. (*Id.*). On December 29, 2021, the ALJ issued a decision denying plaintiff's application. (Tr. 284-96). This decision became the final

---

[1] Pursuant to General Order 22-01, due to significant privacy concerns in social security cases, any opinion, order, judgment or other disposition in social security cases in the Southern District of Ohio shall refer to plaintiffs only by their first names and last initials.

decision of the Commissioner when the Appeals Council denied review on November 8, 2022. (Tr. 1-4).

## II. Analysis

### A. Legal Framework for Disability Determinations

To qualify for disability benefits, a claimant must suffer from a medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than 12 months. 42 U.S.C. §§ 423(d)(1)(A) (DIB), 1382c(a)(3)(A) (SSI). The impairment must render the claimant unable to engage in the work previously performed or in any other substantial gainful employment that exists in the national economy. 42 U.S.C. §§ 423(d)(2), 1382c(a)(3)(B).

Regulations promulgated by the Commissioner establish a five-step sequential evaluation process for disability determinations:

    1) If the claimant is doing substantial gainful activity, the claimant is not disabled.

    2) If the claimant does not have a severe medically determinable physical or mental impairment – *i.e.*, an impairment that significantly limits his or her physical or mental ability to do basic work activities – the claimant is not disabled.

    3) If the claimant has a severe impairment(s) that meets or equals one of the listings in Appendix 1 to Subpart P of the regulations and meets the duration requirement, the claimant is disabled.

    4) If the claimant's impairment does not prevent him or her from doing his or her past relevant work, the claimant is not disabled.

    5) If the claimant can make an adjustment to other work, the claimant is not disabled. If the claimant cannot make an adjustment to other work, the claimant is disabled.

*Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 652 (6th Cir. 2009) (citing 20 C.F.R. §§ 404.1520(a)(4)(i)-(v), 404.1520(b)-(g)). The claimant has the burden of proof at the first four steps of the sequential evaluation process. *Id.*; *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 548 (6th Cir. 2004). Once the claimant establishes a prima facie case by showing an inability to perform the relevant previous employment, the burden shifts to the Commissioner to show that the claimant can perform other substantial gainful employment and that such employment exists in the national economy. *Rabbers*, 582 F.3d at 652; *Harmon v. Apfel*, 168 F.3d 289, 291 (6th Cir. 1999).

### B. The Administrative Law Judge's Findings

The ALJ applied the sequential evaluation process and made the following findings of fact and conclusions of law:

1. [Plaintiff] meets the insured status requirements of the Social Security Act through March 31, 2020.

2. [Plaintiff] has not engaged in substantial gainful activity since October 18, 2018, the alleged onset date (20 CFR 404.1571 *et seq.*, and 416.971 *et seq.*).

3. [Plaintiff] has the following severe impairments: degenerative disc disease of the lumbar spine; bilateral primary osteoarthritis of the knee; and deep vein thrombosis (20 CFR 404.1520(c) and 416.920(c)).

4. [Plaintiff] does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).

5. [Plaintiff] has the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except with the following limitations: can frequently climb ramps and stairs, balance, and stoop; can occasionally perform all other postural movements; must avoid concentrated exposure to extreme cold and vibration; and requires a sit/stand option,

    allowing the claimant to briefly, for up to 2 minutes, alternate between sitting or standing, at 30 minute intervals throughout the workday, without breaking the task at hand.

6. [Plaintiff] is unable to perform any past relevant work (20 CFR 404.1565 and 416.965).[2]

7. [Plaintiff] was . . . was 39 years old, which is defined as a younger individual age 18-44, on the alleged disability onset date (20 CFR 404.1563 and 416.963).

8. [Plaintiff] has at least a high school education (20 CFR 404.1564 and 416.964).

9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that [plaintiff] is "not disabled," whether or not [plaintiff] has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

10. Considering [plaintiff]'s age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that [plaintiff] can perform (20 CFR 404.1569, 404.1569a, 416.969, and 416.969a).[3]

11. [Plaintiff] has not been under a disability, as defined in the Social Security Act, from October 18, 2018, through the date of this decision (20 CFR 404.1520(g) and 416.920(g)).

(Tr. 290-96).

### C. Judicial Standard of Review

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g) and involves a twofold inquiry: (1) whether the findings of the ALJ are supported by

---

[2] Plaintiff's past relevant work was as a housekeeper/cleaner (unskilled, light exertion); a day care worker (semiskilled, light exertion but medium as performed); and a home housekeeper (semiskilled, medium exertion but light as performed). (Tr. 294, 320-21).

[3] The ALJ relied on the VE's testimony to find that plaintiff would be able to perform the requirements of representative sedentary, unskilled occupations in the national economy such as counter clerk (9,538 jobs); document preparer (19,000 jobs); and food and beverage order clerk (45,516 jobs). (Tr. 295, 322).

substantial evidence, and (2) whether the ALJ applied the correct legal standards. *See Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 405 (6th Cir. 2009); *see also Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 745-46 (6th Cir. 2007).

The Commissioner's findings must stand if they are supported by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, ___ U.S. ___, 139 S. Ct. 1148, 1154 (2019) (citing *Consolidated Edison Co. v. N.L.R.B.*, 305 U.S. 197, 229 (1938)). Substantial evidence consists of "more than a scintilla of evidence but less than a preponderance. . . ." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007). In deciding whether the Commissioner's findings are supported by substantial evidence, the Court considers the record as a whole. *Hephner v. Mathews*, 574 F.2d 359 (6th Cir. 1978).

The Court must also determine whether the ALJ applied the correct legal standards in the disability determination. Even if substantial evidence supports the ALJ's conclusion that the plaintiff is not disabled, "a decision of the Commissioner will not be upheld where the SSA fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Rabbers*, 582 F.3d at 651 (quoting *Bowen*, 478 F.3d at 746).

**D. Specific Errors**

Plaintiff's sole assignment of error is that the evidence she submitted to the Appeals Council following the ALJ's decision warrants remand pursuant to Sentence Six of 42 U.S.C. § 405(g). The Commissioner argues in response that this evidence is not material, and plaintiff has not demonstrated good cause for failing to present it prior to the ALJ's decision.

5

The evidence at issue documents radiofrequency ablation, physical therapy, spinal specialist visits, pain management visits, x-ray imaging, injections, and an EMG study that took place after the ALJ's decision—between January and October of 2022.[4] (*See* Tr. 8-51, 55-261, 267-73, 416-37). Under Sentence Six of 42 U.S.C. §405(g), the Court may remand a case to the Social Security Administration "because new evidence has come to light that was not available to the claimant at the time of the administrative proceeding and that evidence might have changed the outcome of the prior proceeding." *Melkonyan v. Sullivan*, 501 U.S. 89, 98 (1991) (citing *Sullivan v. Finkelstein*, 496 U.S. 617, 626 (1990)). A Sentence-Six remand for consideration of additional evidence is warranted only if (1) there is good cause for the failure to incorporate this evidence into the record at the prior hearing, and (2) the evidence is new and material. 42 U.S.C. § 405(g); *see Melkonyan*, 501 U.S. at 98; *see also Bass II v. McMahon*, 499 F.3d 506, 513 (6th Cir. 2007).

"A claimant shows 'good cause' by demonstrating a reasonable justification for the failure to acquire and present the evidence for inclusion in the hearing before the ALJ." *Foster v. Halter*, 279 F.3d 348, 357 (6th Cir. 2001) (citing *Willis v. Sec'y of H.H.S.*, 727 F.2d 551, 554 (1984) (per curiam)). "New" evidence is evidence that was "not in existence or available to the claimant at the time of the administrative proceeding." *Id.* (quoting *Finkelstein*, 496 U.S. at 626). "Material" evidence is evidence that creates "a reasonable probability that the Secretary would have reached a different disposition of the disability claim if presented with the new evidence." *Id.* (quoting *Sizemore v. Sec'y of H.H.S.*, 865 F.2d 709, 711 (6th Cir. 1988)). The party seeking remand bears

---

[4] Some of the evidence that plaintiff submitted to the Appeals Council was dated prior to and through December 29, 2021 (*see* Tr. 274-83; 327-415), but the evidence that plaintiff identifies and discusses in her brief is only the evidence from this date range. (*See* Doc. 10 at PAGEID 1194-97; 1202-03).

the burden of establishing these two remand requirements. *Hollon ex rel. Hollon v.Comm'r of Soc. Sec.*, 447 F.3d 477, 483 (6th Cir. 2006) (citing *Foster*, 279 F.3d at 357). *See also Glasco v. Comm'r of Soc. Sec.*, 645 F. App'x 432, 435 (6th Cir. 2016) ("Failure to establish any one of these three elements is fatal to the moving party's request.") (citing *Sizemore*, 865 F.2d at 711 n.1).

A Sentence-Six remand is not warranted in this case. The entirety of plaintiff's argument with respect to the first element, good cause, is the following:

> Good cause exists for not filing this evidence as Plaintiff's treatment progressed as her pain was not improving. Subsequent to the hearing, Plaintiff saw new physicians in light of her increasing symptoms, who recommended more aggressive treatment in light of her symptoms. Thus, said evidence was not available at the time of the ALJ decision.

(Doc. 10 at PAGEID 1204).

In the Sixth Circuit, "[t]he mere fact that evidence was not in existence at the time of the ALJ's decision does not necessarily satisfy the 'good cause' requirement." *Courter v. Comm'r of Soc. Sec.*, 479 F. App'x 713, 725 (6th Cir. 2012). The claimant must provide "a valid reason for h[er] failure to obtain evidence prior to the hearing." *Id.* (citing *Oliver v. Sec'y of H.H.S.*, 804 F.2d 964, 966 (6th Cir. 1986)). Here, plaintiff proffers the reason for her delay as the fact that, "[s]ubsequent to the [ALJ] hearing," her "treatment progressed as her pain was not improving[,]" and she experienced "increasing symptoms[.]" (Doc. 10 at PAGEID 1204). But "[e]vidence of a subsequent deterioration or change in condition after the administrative hearing is deemed immaterial." *Wyatt v. Sec'y of H.H.S.*, 974 F.2d 680, 685 (6th Cir. 1992) (citing *Sizemore*, 865

F.2d at 712). As such, the post-hearing deterioration of plaintiff's condition does not constitute good cause for a Sentence-Six remand.

In addition, the evidence at issue is not material. As noted above, material evidence is evidence that creates a "reasonable probability that the Secretary would have reached a different disposition of the disability claim if presented with the new evidence." *Foster*, 279 F.3d at 357 (quoting *Sizemore*, 865 F.2d at 711). Plaintiff argues that the evidence at issue shows, contrary to the ALJ's decision, that she "did in fact suffer with severe pain; . . . had more aggressive therapy after the hearing; and . . . physical therapy was not improving her symptoms." (Doc. 10 at PAGEID 1201-02).

Even assuming the evidence at issue were time-relevant,[5] it is not otherwise material because it often supports the ALJ's disposition of her disability claims. For example, plaintiff highlights a March 2022 visit with spine care specialist Kiran F. Rajneesh, M.D., during which plaintiff reported persistent pain at 7/10 and a history of severe back pain at 9/10 that did not respond to various treatments. (Tr. 31). This record also notes, however, that lumbar radiofrequency ablation provided 20-30% relief. (*Id.*). Plaintiff next highlights a March 2022 physical therapy record, in which she reported decreasing activity, increasing issues with mobility, and severe pain. (Tr. 58). In that same record, however, plaintiff reported that her pain was sometimes only 5/10 and not always 10/10. (*Id.*).

---

[5] To the extent that these records do not relate to the period at issue, i.e., the period up to and including December 29, 2021 decision, they do not create a reasonable probability of a different disposition by the ALJ. *See Holman v. Comm'r of Soc. Sec.*, No. 2:18-cv-448, 2019 WL 696943, at *6 (S.D. Ohio Feb. 20, 2019) ("Evidence is not 'material for purposes of Sentence Six [unless] it is time-relevant, i.e., either it relates to the period on or before the date the ALJ rendered his decision.'") (quoting *Swartz v. Astrue*, No. 1:10-cv-605, 2011 WL 4571877, *10 (S.D. Ohio Aug. 18, 2011)) (alteration in original), *report and recommendation adopted*, 2019 WL 2384870 (S.D. Ohio Jun. 6, 2019). Aside from portions of these records that specifically summarize prior reported symptoms, they are immaterial because they relate to plaintiff's condition after December 29, 2021.

Plaintiff next highlights a May 2022 visit with pain management specialist Adam Tune, M.D., at which she reported that physical therapy, medications, and injections were not effective. (Tr. 43). The record also reflects that plaintiff reported various symptoms consistent with her impairments, including low back pain (Tr. 45), and exhibited low back tenderness, limited range of motion, and positive facet loading bilaterally on examination (Tr. 47). Plaintiff reported in this same record, however, that injections done approximately one year prior (which would appear to have taken place during the time-relevant period) were significantly beneficial (Tr. 43), and she exhibited negative straight leg raises and 5/5 strength (Tr. 47). Plaintiff next points to a May 2022 record from Dr. Rajneesh, at which she reported persistent pain at 7/10 since her March 2022 visit and only 20-30% relief with injections. (Tr. 27). In this same record, however, plaintiff again reported that a prior injection provided 70-80% pain relief. (*Id.*).

Plaintiff next points to three isolated physical therapy records in which she reported persistent issues with mobility and moderate to severe pain flareups after several months of treatment and exhibited abnormal gait and posture. (Tr. 175, 196, and 238). The physical therapy records overall, however, overwhelmingly reflect minimal reported pain—particularly in plaintiff's low back. (*See, e.g.*, Tr. 56, 64, 67, 70, 73, 77, 83, 86, 89, 92, 95, 101, 104, 107, 110, 116, 122, 125, 128, 131, 134, 137, 140, 143, 146, 155, 158, 164, 173, 182, 185, 188, 202, 217, 225, 237, 244, 248, 251, 255, and 258 (sessions in February through October of 2022, during which plaintiff reported no back pain, minimal pain, or pain at 1-2/10)).

In sum, plaintiff fails to persuade the Court that the evidence at issue, which primarily concerns her condition between January and October of 2022, sheds any significant light on her

condition up through the date of the ALJ's December 29, 2021 decision. Moreover, to the extent the evidence at issue were time-relevant, it appears to largely *support* the ALJ's decision rather than demonstrating a reasonable probability of changing it. As such, plaintiff fails to demonstrate that the evidence at issue is material or that good cause exists for failing to present it prior to the ALJ's decision, and a Sentence-Six remand is not warranted. *See Glasco*, 645 F. App'x at 435.

      Based on the foregoing, plaintiff's Statement of Errors (Doc. 10) is **OVERRULED**, and the Commissioner's non-disability finding is **AFFIRMED**. **IT IS THEREFORE ORDERED** that judgment be entered in favor of the Commissioner and this case is closed on the docket of the Court.

Date:   8/8/2023

                                                            Karen L. Litkovitz
                                                            Chief United States Magistrate Judge